IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40246
Summary Calendar
_____

THOMAS BRIAN ASHCRAFT,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; HENRY B.
KEENE, Chairman, Texas Parole Board;
ALBERT SANCHEZ, Board Member, Texas
Parole Board; IRMA CAULEY, Board Member,
Texas Parole Board; DONNA GILBERT, Board
Member, Texas Parole Board; BENNIE ELMORE,
Board Member, Texas Parole Board; JOHN
ESCOBEDO, Board Member, Texas Parole Board,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-397
- - - - - - - - - -
July 31, 1996
Before REAVLEY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Thomas Brian Ashcraft, Texas prisoner #643111, appeals the

dismissal of his 42 U.S.C. § 1983 action for failure to state a

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  He argues that the Texas Parole Scheme of policies, procedures, and regulations creates a liberty interest in parole that is protected by the Due Process Clause.  This court has held that the Texas parole statute does not create a liberty interest in parole that is protected by the Due Process Clause.  See Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir.), cert. denied, 116 S. Ct. 199 (1995); Creel v. Keene, 928 F.2d 707, 711-12 (5th Cir.), cert. denied, 501 U.S. 1210 (1991).  Ashcraft has not cited any controlling authority to support his argument that the Texas parole policies and regulations create a greater substantive right or expectancy of parole than the Texas parole statute itself.  The district court did not err in dismissing Ashcraft's due process claim.

Ashcraft argues that the Texas Parole Board is denying a large percentage of parole applications in order to keep the newly built Texas prison system filled to capacity.  He also argues that the Texas parole system is generally unfair and biased.  Ashcraft's claims are conclusional and do not state a constitutional claim cognizable under § 1983.

Ashcraft contends that the application of the current parole statute and regulations to him violates the Ex Post Facto Clause. The historical and statutory notes to the Texas parole statute indicate that generally amendments apply only to offense

committed on or after the effective date of the act. Therefore, Ashcraft's parole eligibility and the frequency of his parole hearings will be governed by the 1993 parole statute and regulations in effect at the time he committed the instant offense. However, even if the current law were applied to Ashcraft, he has not shown that his parole eligibility or the frequency of his parole hearing would be different under the current law than they would be under the 1993 Texas parole laws. As noted above, neither the 1993 nor the current the Texas parole statute creates a liberty interest protected by the Due Process clause. See Allison, 66 F.3d at 74; Orellana, 65 F.3d at 31-32; Creel, 928 F.2d at 711-12. This court has also held that the prior parole statute, Tex. Code Crim. P. 42.12, did not mandate annual parole review. See Allison, 66 F.3d at 74. The current statute does not mention the frequency of parole review hearings. See Creel, 42 F.3d at 957. The current regulations provide only that after a denial of parole, the Board should "set [a case] for review on a future specific month and year." Id. (citing Tex. Admin. Code tit. 37 § 145.12 (1994)). Because the current law is consistent with the law in effect when Ashcraft committed the instant offense, he has not shown that there is an ex post facto violation.

AFFIRMED.